BOWLES, Administrator of Office of Price Administration, v. BABAR et al.

No. 3814.

District Court, E. D. Michigan, S. D.

Feb. 22, 1944.

James C. Gruener and A. D. Ruegsegger, both of Cleveland, Ohio, and Ethan C. Prewitt and Albert E. Smith, both of Detroit, Mich., for plaintiff.

Henry E. Rice, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

### Findings of Fact.

1. This is an action for treble damages brought by the Administrator of the Office of Price Administration against P. Shah Babar, Eugene Luppino, Daniel S. Hyman and Eugene Kotecki, individually and as co-partners doing business as Major Manufacturing Company, of this District, in which plaintiff claims that in February, 1943, less than a year before institution of this suit, defendants sold, under a conditional sale contract, specified second hand machine tools to one Fuat Ibrahim, doing business as Crescent Production Company, for use and consumption in the course of trade or business of the purchaser, at a price higher than the maximum prescribed by an applicable price schedule established by virtue of Sections 2 and 206 of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, §§ 902, 926.

2. The case is before the court upon plaintiff's motion for summary judgment under Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, supported by affidavit. The applicable regulation, misquoted in the affidavit, is as follows:

" 'Rebuilt and guaranteed' applies only to a machine tool which

"(1) has been rebuilt or is in equivalent condition to a rebuilt machine tool and is invoiced as such (a rebuilt machine tool is one in which worn or missing parts have been replaced or reworked and which has been tested under power so as to prove that it has a substantially equivalent performance to that of the machine tool when new);

"(2) has been tested under power so as to prove that it has a substantially equivalent performance to that of a machine tool when new;

"(3) carries a binding written guaranty of satisfactory performance for a period of not less than 30 days from date of shipment; and

"(4) is expressly invoiced as a rebuilt machine tool or its equivalent."

being Section 1301.3(f), Revised Price Schedule No. 1, Second Hand Machine Tools, Amendment No. 2, effective December 23, 1942, to which the argument was directed. Also, judicial notice may be taken of the fact that the plaintiff who instituted this action, Prentiss M. Brown, has since resigned as Administrator of the Office of Price Administration and been succeeded by Chester Bowles, and the latter should be substituted as plaintiff. For orderliness of this record, judgment entered herewith will amend the affidavit for summary judgment, under Rule 15, to include the regulation as above quoted, and, under Rule 25(d), will substitute Chester Bowles as plaintiff. If this sua sponte method of reforming the record is not satisfactory, any party may object or move otherwise within ten days hereafter.

3. The plaintiff contends that the sale in question was in "as is" condition. Defendants filed affidavits of merits, admitting the sale, but controverting the contention that it was a sale in "as is" condition, claiming it was a sale in "rebuilt and guaranteed" condition and unimpeachable because at a price $54 less than the established maximum for sales in the latter category.

4. Defendants also contended at the argument that the regulations in question applied only to "dealers" as defined by Section 1301.3 of the Price Schedule, that is, persons engaged in the business of buying and selling second hand machine tools as principal, agent or broker; and, although defendant Babar, one of the partners active in this sale, was licensed as a "broker," this had not been a sale by a "dealer," but merely a disposal of some surplus equipment by a manufacturing concern, and, consequently, the regulations were not applicable thereto.

5. Although at this stage there is some controversy as to whether the contracting parties intended this to be a sale in "as is" condition or in "rebuilt and guaranteed" condition, predicated mainly upon whether or not defendant Babar admitted extra-judicially to plaintiff's representative investigating this transaction that the sale was in "as is" condition and not intended to carry any guaranty of satisfactory performance, the following material facts are not in dispute:

(a) That in February, 1943, more than six months after enactment of the Emergency Price Control Act of 1942 and within one year of the time of institution of this suit, a sale and delivery of second hand machine tools was made in this District by defendants to a purchaser for use and consumption in the course of his trade or business, and the price paid defendants was $4,339;

(b) That such price was $1,181.17 in excess of the established maximum price for such a sale in "as is" condition;

(c) That the machine tools were not invoiced as rebuilt machine tools or their equivalent;

(d) That the sale did not carry a binding written guaranty of satisfactory performance for a period of not less than thirty days from date of shipment.

6. It appears that the sale in question was not in a "rebuilt and guaranteed" condition because the equipment was not expressly invoiced as rebuilt machine tools or their equivalent and the sale did not carry a binding written guaranty of satisfactory performance for a period of not less than 30 days from date of shipment. Consequently, this was a sale in "as is" condition at a price $1,181.17 in excess of the established maximum.

### Conclusions of Law.

1. This court has jurisdiction of this suit, involving a claim for treble damages as a result of defendants' sale of second hand machine tools in this District at an allegedly excessive price to a purchaser who bought for use or consumption in the course of his trade or business, instituted by the Administrator of the Office of Price Administration, an officer of the United States authorized by law to sue. 28 U.S.C.A. § 41(1); 50 U.S.C.A.Appendix, § 925(c) and (e).

2. This action having been instituted within one year of the impugned sale and delivery of second hand machine tools, the same is timely. 50 U.S.C.A.Appendix, § 925(e).

3. The purpose of the Act is to prevent undue inflation in prices, and, to accomplish this, maximum sales prices for commodities are fixed as a stabilizing measure. One basis for the involved price schedule was the Administrator's finding that absence of maximum price standards made it difficult and in some cases impossible for the machine tool trade voluntarily to co-operate with the Government in maintaining price

456

stability and in preventing excessive and speculative price increases in machine tools. Applying the price maximum only to purchases and sales by dealers in the business of buying and selling second hand machine tools, and exempting from any price limit sales by using owners, with whom practically all second hand tool transfers initiate, would not "prevent excessive and speculative price increases in machine tools," but defeat the purpose of the legislation. The Act itself (50 U.S.C.A.Appendix, § 902(a)) provides:

"Whenever in the judgment of the Price Administrator * * * the * * * prices of a commodity * * * have risen or threaten to rise to an extent or in a manner inconsistent with the purposes of this Act, he may by regulation or order establish such * * * maximum prices as in his judgment will be generally fair and equitable and will effectuate the purposes of this Act. * * * As used in the foregoing provisions of this subsection, the term 'regulation or order' means a regulation or order of general applicability and effect."

Consequently, the prohibition against sale or purchase of second hand machine tools at prices higher than those prescribed by Revised Price Schedule No. 1, as amended, is not limited in application to a dealer engaged in the business of buying and selling such commodities, but must have general applicability and effect, and the words of the regulation, "no person shall" applies to any person who buys or sells any second hand machine tool, which includes these defendants and this sale. 50 U.S.C.A.Appendix, § 901 et seq.; 7 F.R. 1202, Sec. 1301, et seq.; Revised Price Sched. No. 1, Second Hand Machine Tools, as amended.

4. The regulation, requiring express invoicing as rebuilt and guaranteed tools and a binding written guaranty of satisfactory performance for thirty days, is attacked as arbitrary and capricious in that these requirements do not affect the value of the property sold by defendants. As said in Sun Publishing Co. v. Walling, 6 Cir., 140 F.2d 445:

"It is, however, a regulation which the Administrator (Fair Labor Standards) was empowered to adopt by the express sanction of Congress, and we have been advised repeatedly that such administrative decisions must be upheld except in cases of flagrant abuse. (Citing cases)"

Although, as pointed out in Davies Warehouse Co. v. Bowles, 64 S.Ct. 474, the Price Control Act confers upon the Emergency Court of Appeals exclusive original jurisdiction to determine validity of price regulations with direct appeal to the Supreme Court, it appears that there was ample justification for the attacked requirements and, undoubtedly, the Administrator found them useful in enforcing the statute. In a press release dated December 18, 1942, accompanying announcement of the amendment here involved, the Administrator pointed out that the reason for not requiring such a guaranty in governmental as well as individual sales was because many governmental agencies lack authority to extend such a guaranty. 50 U.S.C.A.Appendix, § 901 et seq.; United States v. Krupnick, D. C. 1943, 51 F.Supp. 982.

5. Where it appears, as here, that there was a sale of second hand machine tools, not expressly invoiced as in rebuilt condition and not carrying a binding written guaranty of satisfactory performance for at least thirty days after date of shipment, the sale was not in "rebuilt and guaranteed" condition but in "as is" condition, and such a sale at a price higher than the established maximum for sale in "as is" condition violates the regulation. 50 U.S.C.A. Appendix, § 901 et seq.; 7 F.R. 1202, Sec. 1301.1 et seq.

6. Any person who later than six months after enactment of the Emergency Price Control Act of 1942 violates the regulation and price schedule covering sales of second hand machine tools in the particulars specified in conclusion five is liable for treble the amount by which the consideration exceeded the applicable maximum price. 50 U.S.C.A.Appendix, § 925(e).

7. There being no dispute as to defendants having violated the maximum price schedule in the particulars set forth in these conclusions, it therefore follows that plaintiff is entitled to summary judgment at this stage of these proceedings. Rule 56, F.R.C.P.

8. Judgment shall be entered forthwith in favor of plaintiff and against defendants for $3,543.51, with costs taxable in plaintiff's favor, for which execution may issue.

(Defendants' motion for new trial dismissed at movants' request April 10, 1944).